RECEIVED
IN LAKE CHARLES, LA

SEP 27 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHANNON MICHAEL GUILLORY, et al., | * | CIVIL ACTION NO. 2:15-cv-02452 |
| **Plaintiffs** | * | |
| | * | **JUDGE MINALDI** |
| v. | * | |
| | * | |
| CHIEF TODD DALBOUR, et al., | * | **MAGISTRATE JUDGE KAY** |
| **Defendants** | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is Todd D'Albor,[1] Terry Duhon, Bryan Foti, Danny Semmes, Blake Virgil, and Chad Romero's (collectively "the defendants") Motion to Dismiss (Rec. Doc. 16); the defendants' Supplemental Memorandum in Support (Rec. Doc. 28); the Opposition (Rec. Doc. 29) filed by Shannon Guillory, Rival Nutrition d/b/a S&M Nutrition, LLC, Advanced Nutraceutial Research, LLC, and Rival Nutrition, Inc. (collectively "Mr. Guillory" or "the plaintiffs"), and the defendants' Reply (Rec. Doc. 30-2). Within the plaintiffs' Opposition (Rec. Doc. 29), Mr. Guillory makes a request to amend the complaint. For the following reasons, the defendants Motion to Dismiss the complaint will be **GRANTED**, and the plaintiffs' 42 U.S.C. § 1983 claims will be **DISMISSED WITH PREJUDICE** and the plaintiffs' state law claims will be **DISMISSED WITHOUT PREJUDICE**. The plaintiffs' request to amend the complaint will be **DENIED**.

## FACTS & PROCEDURAL HISTORY[2]

On April 29, 2014, Mr. Guillory was arrested for the distribution on Anabolic steroids pursuant to an arrest warrant. On that same day pursuant to a search warrant, the Jennings Police

---

[1] The complaint and docket refer to him as Todd Dalbour, while the defendants' motion and memorandum refer to him as Todd D'Albor..

[2] All facts unless otherwise noted are taken from the plaintiffs' amended complaint (Rec. Doc. 23).

Department entered his local nutrition, coffee, and juice bar store and took over $60,000 worth of merchandise. The arrest warrant and search warrant were based on videotaped evidence collected by a confidential informant. Mr. Guillory alleges that the videotape was altered to make it appear like he was distributing illegal steroids. The videotape was spliced so that it appeared that transactions took place over a particular time and place. The charges against Mr. Guillory were dismissed on October 5, 2014.

Mr. Guillory filed suit on September 30, 2015, alleging that the charges, the arrest, and the search and seizure were unconstitutional and caused him damages. The defendants filed a Motion to Dismiss (Rec. Doc. 16) on March 9, 2016. In response, Mr. Guillory filed an amended complaint (Rec. Doc. 23) that more clearly stated that he was suing the officers and police chief in their individual and official capacities for constitutional violations under 42 U.S.C. § 1983, and that he was suing the Police Chief and the Mayor in their individual and official capacities for negligent hiring and *respondeat superior* under Louisiana state law. For his § 1983 claims, Mr. Guillory alleged that the police chief created a policy or custom that led to the constitutional violations. The defendants then filed a supplemental memorandum in support of their Motion to Dismiss (Rec. Doc. 28), Mr. Guillory filed an Opposition (Rec. Doc. 29), and the defendants filed a Reply (Rec. Doc. 30-2).

## LAW & ANALYSIS

### I. MOTION TO DISMISS STANDARD

An action can be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the claimant fails "to state a claim upon which relief can be granted." Motions to dismiss are generally "viewed with disfavor and [should be] rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322

F.3d 883, 885 (5th Cir. 2003)). "[The] Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Id.* (quoting *Gregson*, 322 F.3d at 885).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," making the right to relief more than merely speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). If the allegations in the complaint even if taken as true do not entitle the plaintiff to relief, the complaint should be dismissed. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 558). Additionally, documents attached by a defendant to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to their claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

While "[f]ederal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014). "[A] complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Keeping in mind the pleading standard found in Rule 8(a)(2), the court will not bar claims that the plaintiff imprecisely named. The court considers five main federal claims included in the complaint brought § 1983: (1) malicious prosecution (2) excessive and

unreasonable force in violation of the Fourth Amendment, (3) unlawful search and seizure in violation of the Fourth Amendment, (4) violation of due process rights under the Fifth and Fourteenth Amendments, and (5) unlawful arrest in violation of the Fourth Amendment. In a liberal reading, the court also identifies the state law claims of malicious prosecution, negligent hiring, and *respondeat superior*. The court first addresses the federal claims because the court's jurisdiction rests on the federal claims under 28 U.S.C. §§ 1331, 1343(3), and it has only supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

## II.     42 U.S.C. § 1983 CLAIMS

"To state a claim under 42 U.S.C. § 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48–50 (1988); Piotrowski v. City of Houston, 51 F.3d 512, 515 (5th Cir.1995)). If the claim is against a defendant in his individual capacity and the defendant has asserted qualified immunity, the plaintiff must establish that (1) "the defendants committed a constitutional violation under current law;" and (2) "the defendants' actions were objectively unreasonable in light of [clearly established] law." *Id.* at 253. If the claim is against a municipality, the plaintiff must plead facts that support finding that the violation took place pursuant to a municipality policy or custom. *Brooks v. George Cty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690–91 (1978)).

In analyzing whether Mr. Guillory has successfully pleaded § 1983 claims, the court will first analyze whether he sufficiently alleged a violation of the Constitution or federal law. As part of this inquiry, the court will address whether any claims are time-barred. Next, for the remaining claims, the court will address whether the defendants can be sued in their individual

capacities after raising the defense of qualified immunity. Finally, the court will determine whether claims brought against the defendants in their official capacities are based on the City of Jennings's policy or custom.

### a. Violations of the Constitution

For the following reasons, Mr. Guillory has failed to state a § 1983 claim based on malicious prosecution, excessive force, unlawful search and seizure, and due process violations. Mr. Guillory has sufficiently alleged that his Fourth Amendment rights were violated by an arrest unsupported by probable cause.

### i. Malicious Prosecution Claims

As an initial matter, Mr. Guillory's § 1983 claim of malicious prosecution is not valid. "[A] freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution [is] not viable. Rather, the claimant must allege 'that officials violated specific constitutional rights in connection with a malicious prosecution.'" *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Castellano v. Fragozo*, 352 F.3d 939, 942, 945 (5th Cir. 2003)) (internal quotations omitted). "Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion." *Castellano*, 352 F.3d at 954. Because malicious prosecution is a state law claim, defendants are entitled to have a § 1983 malicious prosecution claim dismissed. *See Deville v. Marcantel*, 567 F.3d 156, 169–70 (5th Cir. 2009) ("[P]laintiffs' claim under § 1983 for 'malicious prosecution' … is not independently cognizable, and defendants are therefore entitled to summary judgment on that claim."); *Carr v. Montgomery Cty., Tex.*, 59 F. Supp. 3d 787, 804 (S.D. Tex. 2014) ("The Fifth Circuit has abolished malicious prosecution claims under § 1983 [but] a state tort claim for malicious prosecution could still be brought alongside § 1983 claims."); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 640 (N.D.

Tex. 2007) ("[A]ny allegation of malicious prosecution [under § 1983] fails to state a claim upon which relief can be granted."); *Nitsch v. City of El Paso*, 482 F. Supp. 2d 820, 831 (W.D. Tex. 2007) ("[A] free-standing claim of malicious prosecution is no violation of the Constitution and is therefore no grounds for a § 1983 claim.").

Therefore, the court will dismiss Mr. Guillory's claim of malicious prosecution brought under § 1983. Mr. Guillory argues that his malicious prosecution claim should survive because it is based on Fourth and Fourteenth Amendment grounds.[3] However, to call the claim a § 1983 malicious prosecution claim would "invite[] confusion." *Castellano*, 352 F.3d at 954. Rather, Mr. Guillory has brought § 1983 claims for violations of the Fourth, Fifth, and Fourteenth Amendments, and he has brought state law claims for malicious prosecution, negligent hiring, and *respondeat superior*. As such, Mr. Guillory's argument that his malicious prosecution claim affects the running of the statute of limitations for his constitutional claims fails. The court will determine the accrual date for each § 1983 claim separate from his state law malicious prosecution claim.

### ii. Statute of Limitations

The defendants argue that Mr. Guillory's § 1983 claims are barred because the statute of limitations has run. Because § 1983 has no federal statute of limitations, courts apply the statute of limitations for personal injury claims in the state where the claims arise. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). "In Louisiana, the one-year prescriptive period established in Civil Code Article 3492 applies to § 1983 claims." *Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 645 (W.D. La. 2013) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998)). "Although state law controls the limitations period for section 1983 claims, federal law determines when a cause of action accrues." *Rodriguez*, 963 F.2d at 803 (citing

---

[3] His complaint also asserts Fifth Amendment claims.

*Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir.1991)). Under federal law, "the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987)). Accordingly, a § 1983 claim for unreasonable search and seizure and a § 1983 claim for excessive force accrue on the day the injuries are sustained. *See Humphreys v. City of Ganado, Tex.*, 467 F. App'x 252, 255 (5th Cir. 2012) (citing *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002)).

A § 1983 Due Process claim under the Fifth and/or Fourteenth Amendment that questions not the absence of legal process but the validity of the prosecution does not begin to accrue until the prosecution has been set aside. *See Castellano*, 352 F.3d at 959 (citing *Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994)); *see also Kato*, 549 U.S. at 389 (explaining that a § 1983 tort for "the wrongful institution of legal process" does not begin to accrue until the legal process ends).

For a § 1983 unlawful arrest or false imprisonment claim based on an arrest with a warrant, "the limitations period begins to run when the suspect's 'false imprisonment c[omes] to an end,'" which occurs when the suspect is detained pursuant to a legal process, such as appearing before a magistrate. *McGuire v. Larpenter*, 592 F. App'x 272, 275 (5th Cir. 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)).

Here, Mr. Guillory has alleged that he was (1) unlawfully searched and seized, (2) subject to the use of excessive and unreasonable force, (3) deprived of his constitutional due process rights, and (4) unlawfully arrested and detained.[4] The court finds that any § 1983 claims based on an unlawful search and seizure and unlawful use of excessive and unreasonable force are time-barred. The alleged actions took place on April 29, 2014, and therefore the limitations period for this claim also began to run on April 29, 2014. *See Humphreys*, 467 F. App'x at 255 (citing *Hitt*,

---

[4] Amended Compl. (Rec. Doc. 23).

7

301 F.3d at 246). As a result, the statute of limitations expired on April 29, 2015, well before Mr.

Guillory filed suit on September 30, 2015. The court considers these claims time-barred and will

dismiss Mr. Guillory's § 1983 claims based on the search and seizure of his merchandise and the

use of excessive force.[5]

However, Mr. Guillory's claim that he was deprived of due process cannot be dismissed

as time-barred, assuming that these constitutional violations were in regard to the validity of the

prosecution. Such claims would not accrue until the prosecution ended, which here was when the

charges were dropped. *See Kato*, 549 U.S. at 389; *Castellano*, 352 F.3d at 959 (citing *Heck*, 512

U.S. at 484-87). The charges were dropped on October 5, 2014, which gave Mr. Guillory until

October 5, 2015 to file suit based on the wrongful institution of the charges. Because Mr.

Guillory filed suit on September 30, 2015, his due process claims are not time-barred.

Additionally, Mr. Guillory's § 1983 claims based on his arrest and detention cannot be

dismissed based on the statute of limitations because neither the complaint nor the defendants'

Motion to Dismiss specify when Mr. Guillory was detained pursuant to a legal process. *See Kato*,

549 U.S. at 389.[6]  Without this information, the court cannot dismiss the claims on this basis.

### iii.  Due Process Claims

The defendants also argue that Mr. Guillory has failed to plead facts to support his § 1983

claims. The court first addresses whether Mr. Guillory has plead a facially valid due process

claim under the Fifth and Fourteenth Amendments. The defendants argue that because they are

not federal government actors they cannot violate due process rights through the Fifth

Amendment. This court agrees because "the Fifth Amendment applies only to the actions of the

---

[5] While "federal courts considering …section 1983 actions apply the states' tolling provisions to statutory limitations periods," *Rodriguez*, 963 F.2d at 803 (citations omitted), Mr. Guillory has not raised any argument that the claims should be tolled.

[6] The complaint does allege that the charges were dismissed prior to arraignment. Amended Compl. (Rec. Doc. 23), para. 33.

federal government, and not to the actions of a municipal government." *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Therefore, Mr. Guillory cannot state a due process claim under the Fifth Amendment against Jennings city officials. However, city officials can violate due process rights through the Fourteenth Amendment. *See id.*

In his complaint and Memorandum in Opposition, the plaintiff appears to allege that his Fourteenth Amendment due process rights were violated by someone manufacturing video evidence which led to his arrest. A person may have a Fourteenth Amendment due process claim based on manufactured evidence if "[1] police intentionally fabricate[d] evidence and successfully g[o]t someone falsely charged ... and [2] the Fourth Amendment is unavailing." *Cole v. Carson*, 802 F.3d 752, 773 (5th Cir. 2015). The fabrication must be intentional and must be done by an official. *See id.* at 767 (distinguishing the present case from *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010) where school officials and not officers were at fault and *Bosarge v. Miss. Bureau of Naroctics*, 796 F.3d 435, 441-42 (5th Cir. 2015) where there was no intentional fabrication). To allege intentional police fabrication, the plaintiff must make more than conclusory allegations. *Id.* (citing Bosarge, 796 F.3d at 441-42).

In addition to showing intentional police fabrication, the plaintiff needs to allege facts that show the claim cannot be brought under the Fourth Amendment. Typically, if the manufactured evidence leads only to an arrest and not a trial, the plaintiff must seek recovery under the Fourth Amendment because the Fourth Amendment provides protection for pre-adjudication rights and if "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing th[o]se claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386,

395 (1989)). The right to be arrested with probable cause is protected under the Fourth Amendment, and therefore it generally cannot be brought as a Fourteenth Amendment due process claim. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). In limited circumstances, an individual may have a due process claim for actions taken prior to trial. For example, to make a valid false arrest or illegal detention claim under the Fourth Amendment, "the relevant actors must not be aware of the facts constituting probable cause to arrest or detain the person for *any* crime." *Cole*, 802 F.3d at 764 (citing *Whittington v. Maxwell*, 455 F. App'x 450, 458-59 (5th Cir 2011); *O'Dwyer v. Nelson*, 310 F. App'x 741, 745 (5th Cir. 2009)) (emphasis in original). So a plaintiff cannot have a viable Fourth Amendment claim if probable cause exists for at least one charge for which he was arrested, even if officers intentionally fabricated evidence regarding another charge. *See id.* at 766,773. In such a situation where the Fourth Amendment claim is not viable, the plaintiff may bring the claim as a Fourteenth Amendment due process claim. *Id.* at 773.

The facts alleged by Mr. Guillory do not establish a facially valid due process claim. First, Mr. Guillory never alleges that officers intentionally manufactured a video that led to his arrest. The complaint never directly states who tampered with the video, although it suggests that the confidential informant was responsible, not the officers.[7] Because the complaint does not plead that the officers intentionally manufactured the video, it does not support a Fourteenth Amendment due process claim under this theory. *See id.* Furthermore, even if the plaintiffs amended their complaint to include such allegations, no facts alleged suggest that Fourth Amendment claims would be unavailing. While this court determined that Mr. Guillory's claims

---

[7] Amended Compl. (Rec. Doc. 23), para. 13, 15 ("[T]he tape allegedly shows various scenes where allegedly distribution allegedly occurred and the taped [sic] was spliced to appear that the transactions took place in a particular time and place which was clearly manufactured…The C.I. information was not reliable and was the bases [sic] of the arrest that was used to make an alleged sale of steroids was clearly manufactured and false.").

of unlawful search and seizure and excessive force were time-barred and further information

may very well lead to the conclusion that the unlawful arrest claim is also time-barred, these

determinations do not mean that those claims were unavailing. Mr. Guillory has not alleged facts

which would make the arrest legal under the Fourth Amendment, but illegal under the

Fourteenth. *Id.* Therefore because Mr. Guillory has not pleaded that the officers intentionally

manufactured evidence and that the Fourth Amendment is unavailing, he has failed to state a

claim for relief under the Fourteenth Amendment, and the court will dismiss his § 1983 due

process claims.

### iv.  Unlawful Arrest Claims

The court next addresses whether the plaintiff pleaded a facially valid unlawful arrest

claim. "An arrest pursuant to a properly issued warrant is not unconstitutional, and 'a complaint

based on such an arrest is subject to dismissal for failure to state a claim.'" *Mack v. City of

Abilene*, 461 F.3d 547, 552 (5th Cir. 2006) (quoting *Smith v. Gonzales*, 670 F.2d 522, 526 (5th

Cir. 1982)). A judge properly issues a valid warrant if the warrant is based on probable cause. *Id.*

at 551. A judge can use law enforcement affidavits to determine whether probable cause exists,

but the affidavits must provide "a substantial basis for determining the existence of probable

cause." *Id.* (quoting *United States v. Leon*, 468 U.S. 897, 915 (1984)).

Based on documents provided by the defendants in their Motion to Dismiss, a judge

issued warrants for Mr. Guillory's arrest on April 3, 2014 based on affidavits from an officer.[8]

These affidavits simply identified Mr. Guillory and identified what Louisiana laws he was

believed to have broken.[9] However, the plaintiff pleaded that a manufactured tape by a

---

[8] Warrants (Rec. Doc. 16-5), pp. 7, 9, 11; Affidavit of Det. Bergeaux (Rec. Doc. 16-5), pp. 8, 10, 12
[9] Affidavit of Det. Bergeaux (Rec. Doc. 16-5), pp. 8, 10, 12

11

confidential informant was the basis of the arrest warrant.[10] The complaint further alleges that the tape was "clearly spliced."[11] If the tampering was clearly evident, the tape may not have supported the judge's probable cause finding, and the affidavits on their own do not establish a "substantial basis" for the judge's probable cause finding. *See Mack*, 461 F.3d at 552 (citing *Leon*, 468 U.S. at 915). Therefore, Mr. Guillory has stated a facially valid claim for an unlawful arrest in violation of the Fourth Amendment.

The court next analyzes whether Mr. Guillory stated a valid claim for unlawful arrest against each party. Mr. Guillory alleges that six officers and chief of police violated his Fourth Amendment rights in both their individual and official capacities.

### b. Qualified Immunity

The defendants raise the affirmative defense of qualified immunity for all § 1983 claims brought against them in their individual capacities. "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)). To meet this burden, the plaintiff must (1) "claim that the defendants committed a constitutional violation under current law [and (2)] claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Atteberry*, 430 F.3d at 253. By raising this defense in their memorandum supporting their Motion to Dismiss, the defendants shifted the burden to Mr. Guillory "to demonstrate the inapplicability of the defense." *Club Retro, L.L.C.*, 568 F.3d at 194 (citing *McClendon*, 305 F.3d at 323). Mr. Guillory did not address this defense

---

[10] Amended Compl. (Rec. Doc. 23), para. 26.
[11] Amended Compl. (Rec. Doc. 23), para. 27.

and fails to meet his burden. Therefore, the court will dismiss the § 1983 claims of unlawful arrest brought against the defendants in their individual capacities.

### c. Municipality Liability

Finally, the defendants argue that Mr. Guillory failed to allege that a City of Jennings's policy or custom led to the constitutional violations, and therefore, the § 1983 claims brought against them in their official capacities should be dismissed. Section 1983 suits brought against individuals in their official capacity are treated as suits against the municipality. *See Brooks v. George Cty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). To hold a municipality liable under § 1983, the plaintiff "must demonstrate a policy or custom which caused the alleged constitutional deprivation." *Id.* (citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690–91 (1978)). The policy can be officially promulgated by the municipality or created by a municipal official who has final policymaking authority. *Jones v. Lowndes Cty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (citing *Monell*, 436 U.S. at 690-91; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). In Louisiana, the chief of police has final policymaking authority over the actions of police officers. *Vincent v. City of Sulphur*, 28 F. Supp. 3d 626, 650 (W.D. La. 2014) (citing *World Wide St. Preachers' Fellowship v. Town of Columbia*, No. 05–513, 2008 WL 920721, at *8 (W.D. La. Apr. 3, 2008); La. Rev. Stat. § 33:423).

Alternatively, a municipality's § 1983 liability can be based on a custom if the custom is a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984)). "The description of

a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992)).

Mr. Guillory does not allege that the City of Jennings adopted an official policy to deprive citizens of their constitutional rights. Nor does he allege facts to support that city officials or employees frequently and persistently violated citizens' constitutional rights. However, he has alleged that the chief of police, who is considered to have final policymaking authority over police officers "developed and maintained policies or customs [of] deliberate indifference to the constitutional rights of the people,"[12] including "inadequately and improperly investigat[ing] complaints or misconduct"[13] and "inadequately supervis[ing] and/or train[ing] his officers."[14]

To state a § 1983 claim that inadequate training, supervision, or discipline caused the underlying constitutional violation, the plaintiff must allege that the "failure ... amounts to *deliberate indifference* to the rights of persons with whom the police come into contact." *Deville v. Marcantel*, 567 F.3d 156, 171 (5th Cir. 2009) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir.2001)) (emphasis added). To adequately plead that the police chief was deliberately indifferent, the plaintiff must state facts which support that the police chief had actual knowledge of the constitutional violations. *See Whitely v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013) (citing *McClendon*, 305 F.3d at 326 n. 8). If the police chief fails to address a risk that he should have perceived but did not, the chief's failure to act is not deliberately indifferent. *Id.* (citing *Farmer*, 511 U.S. 825, 837 (1994)).

---

[12] Amended Compl. (Rec. Doc. 23), para. 52.
[13] Amended Compl. (Rec. Doc. 23), para. 53.
[14] Amended Compl. (Rec. Doc. 23), para. 54.

Here, Mr. Guillory does not plead facts which suggest that the police chief knew that constitutional violations would result from training, supervising, or disciplining practices. Rather the plaintiff states in a conclusory manner that the police chief's policies exhibited "deliberate indifference" and that the police chief failed to adequately train, supervise, and discipline his officers.[15] Mr. Guillory does not allege facts as to what these inadequacies were or that these inadequacies were such that the police chief would know that constitutional violations would result from them.  Because the Fifth Circuit requires a factual description of the policy that is more than conclusory, the court will dismiss Mr. Guillory's § 1983 claims against the defendants in their official capacity. *See Spiller*, 130 F.3d at 167 (citing *Fraire,* 957 F.2d at 1277).

Accordingly, the court will dismiss all of Mr. Guillory's federal § 1983 claims.

## III.    REQUEST TO AMEND THE COMPLAINT

In his Memorandum in Opposition, Mr. Guillory asks to further amend the petition in lieu of dismissal, if the court found that the pleadings are inadequate.[16] Generally, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, the court may deny a request to amend if the party does not "furnish the district court with a proposed amended complaint," or fails to alert the court "to the substance of their proposed amendment." *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir.1997)).  Because Mr. Guillory has not indicated how he would amend the complaint to cure the inadequacies of his claims, the court will deny the motion to amend.

---

[15] Amended Compl. (Rec. Doc. 23), para. 52-54. The complaint also alleges "That the Chief of Police Todd Dalbour authorized the operation and the allegedly CI activities." Amended Compl. (Rec. Doc. 23), para. 29. However, this allegation does not suggest that the police chief knew about any constitutional violation when the activities were authorized.

[16] Memorandum in Opposition (Rec. Doc. 29), p. 7.

## IV.   STATE LAW CLAIMS

This court declines to exercise supplemental jurisdiction over Mr. Guillory's state law claims because all of the federal claims, which were the basis of federal court jurisdiction, will be dismissed. *See* 28 U.S.C. § 1367(c)(3). Therefore, the state law claims will be dismissed without prejudice.

## CONCLUSION

For the reasons explained above, the court will dismiss the plaintiffs' § 1983 claims with prejudice. The court will dismiss the claim for malicious prosecution, because malicious prosecution is a state and not a federal law remedy. The court will dismiss the plaintiffs' § 1983 claim regarding the use of excessive force and unlawful search and seizure because they are time-barred. The court will dismiss the plaintiffs' § 1983 claims for due process violations under the Fifth Amendment because the defendants are not federal actors, and the court will dismiss the plaintiffs' § 1983 claims for due process violations under the Fourteenth Amendment because they are more properly brought under the Fourth Amendment. The court will also dismiss the plaintiffs' § 1983 claims regarding unlawful arrest brought against the defendants in their individual and official capacities. The claims brought against the defendants in their individual capacities will be dismissed because the defendants have qualified immunity. The claims brought against the defendants in their official capacities will be dismissed because the plaintiff failed to adequately plead that the policy or custom of the City of Jennings caused the constitutional violation.

The court will deny the plaintiffs' request to amend their pleading because they offered no proposed amended complaint and did not indicate what type of amendment they would make.

Finally, the court will dismiss the plaintiffs' state law claims without prejudice because it declines to exercise supplemental jurisdiction over them.

Lake Charles, Louisiana, this 23 day of _____, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

17